· 507 S.E.2d 401

**SHARON B.W., Plaintiff below, Appellee,**

v.

**GEORGE B.W., Defendant
below, Appellant.**

Nos. 24638, 24639.

Supreme Court of Appeals of
West Virginia.

Submitted May 5, 1998.

Decided July 14, 1998.

Thomas J. Gillooly, Esq., Charleston, West Virginia, R. Brandon Johnson, Esq., Lewisburg, West Virginia, Attorneys for Appellee.

Beverly S. Selby, Esq., Charleston, West Virginia, Guardian Ad Litem, Attorney for Appellant Child.

James T. Cooper, Esq., Lovett, Cooper & Glass, Michael T. Clifford, Esq., Clifford, Mann & Swisher, Charleston, West Virginia, Attorneys for Appellant.

PER CURIAM: [1]

Beverly Selby, guardian *ad litem* ("GAL") for Ben W.[2] ("child"), and George B.W., father of the child, appeal a June 4, 1997 order of the Circuit Court of Kanawha County that returned custody of the child to Sharon B.W. ("appellee"), mother of the child. Prior to the order George B.W. ("appellant") had temporary custody of the child. During this period he sought a change of custody, alleging that the appellee's boyfriend had sexually abused the child. The circuit court denied the request.

On appeal, appellant and the GAL argue that the circuit court was clearly wrong not to find that the child had been sexually abused, that the court had erred in failing to qualify a child psychologist as an expert wit-

---

1. We point out that a *per curiam* opinion is not legal precedent. *See Lieving v. Hadley,* 188 W.Va. 197, 201 n. 4, 423 S.E.2d 600, 604 n. 4 (1992).

2. We follow our traditional practice in cases involving sensitive facts and use initials to identify the parties rather than their full names. See *In re Jeffrey R.L.,* 190 W.Va. 24, 26 n. 1, 435 S.E.2d 162, 164 n. 1 (1993).

ness, and that the court erred in evaluating the issue of sexual abuse on a preponderance of evidence standard. After reviewing the extensive record in this case and the arguments of the parties, we affirm the circuit court, in part, and remand this matter for further proceedings.

## I.

The appellant and the appellee were married on May 21, 1988 and separated on or about April 7, 1995. The appellee thereafter filed for divorce in the Circuit Court of Kanawha County.[3] During the course of the marriage the couple had one child who was approximately 4 years old at the time the parties separated. Following the separation, the appellee was temporarily awarded custody pending a final disposition. The appellant was given liberal visitation.

During the summer of 1996, the appellant father had an extended visitation with the child. During the visitation period the child allegedly accused the appellee's boyfriend of sexual abuse.[4] Following the accusations, the appellant obtained the services of Dr. Timothy Freeman, a child psychologist. The appellant also successfully obtained from the circuit court an emergency order granting the appellant temporary custody of the child based on the sexual abuse allegations.[5] He thereafter filed a petition to change custody.

Attorney Beverly Selby was appointed as guardian *ad litem* for the child for further proceedings. The custody issue came before the family law master who directed the appellant to make the child available for examination by the appellee's experts. Apparently the appellant resisted, and the appellee filed a motion in the circuit court to compel the appellant to present the child to appellee's selected expert for a psychological evaluation. The motion was granted.

The appellant promptly sought a writ of prohibition in this Court—our first *George B.W.* case. The appellant contended that the order permitting an evaluation by the appellee's experts was an abuse of discretion. That issue and others were addressed in *State ex rel. George B.W. v. Kaufman,* 199 W.Va. 269, 483 S.E.2d 852 (1997).

In *George B.W.* we granted the writ as moulded, requiring the circuit court to take evidence to determine the appropriateness of the appellee's request for an additional evaluation of the child. The matter was remanded to the circuit court for further proceedings on the issues of expert evaluation of the child, modification of custody and supervised visitation.

Following remand, the parties conducted discovery, and a 6 day hearing was held before the circuit court.

During the course of the hearing, the circuit court refused to qualify Dr. Timothy Freeman as an expert, who was offered by the appellant to support appellant's suspicions of sexual child abuse. The court found that the while the witness was a clinical psychologist, the witness did not have the necessary training, in-class and/or clinical experience to be an effective and competent witness in a child sexual abuse case. The court further found that Dr. Freeman was not "qualified to testify in this matter as an expert witness in the area of child sexual abuse."

The appellant also called Dr. Christina Arco, Ph.D., a child psychologist, as a witness. Dr. Arco's testimony was limited to her review of Dr. Freeman's techniques. Dr. Arco was qualified by the circuit court as an expert witness in child psychology and as a forensic witness. Dr. Arco, who had not interviewed the child, testified that Dr. Freeman's procedures in interviewing the child

---

**3.** Even though the appellee filed a divorce action in 1995, at the time this Court heard this matter, no final divorce had been granted. George B.W. lives in Charleston, West Virginia, and Sharon B.W. lives in Memphis, Tennessee.

**4.** The record reflects that the mother appellee no longer has a relationship with the boyfriend who allegedly abused the child.

**5.** It is difficult to ascertain as a matter of certainty whether allegations of sexual abuse in a vitriolic divorce have merit. In this matter it is troubling that George B.W. was before the family law master in a hearing on August 15, 1996. At that hearing George B.W. did not prevail. He then raised the sexual abuse issue for the first time the following day in pleadings filed with the circuit court.

were valid, as were questions presented to the child during the interview.

Dr. William Bernet, a child psychiatrist testifying for the appellee, was accepted by the court as an expert witness. Dr. Bernet testified that he did not believe that the child had been sexually abused, but rather was confused due to the pressures and strains the child was experiencing from his parents' separation.

The circuit court evaluated the evidence on sexual abuse under a preponderance of the evidence standard and determined that the sexual abuse allegations were not proven. The court refused to award full custody of the child to the appellant. The appellee's expert, Dr. Bernet, was directed by the court to develop a reunification plan between the child and the appellee, who was reassuming physical custody of the child. Dr. Bernet was also directed to establish a visitation plan for the child and the appellant. Since the June 4, 1997 circuit court order, Dr. Bernet has been coordinating the family plan for the parties.

## II.

■■ The standard of review in this case is as follows:

> This Court reviews the circuit court's final order and ultimate disposition under an abuse of discretion standard. We review challenges to findings of fact under a clearly erroneous standard; conclusions of law are reviewed *de novo*.

Syllabus Point 4, *Burgess v. Porterfield*, 196 W.Va. 178, 469 S.E.2d 114 (1996). *See also, Burnside v. Burnside*, 194 W.Va. 263, 460 S.E.2d 264 (1995).

The first assignment of error we examine is whether the lower court erred in using a *preponderance* of the evidence standard, rather than a *credible* evidence standard, to determine if sexual abuse had been proven.

■ The appellant and the GAL rely on Syllabus Point 2 of *Mary D. v. Watt*, 190 W.Va. 341, 438 S.E.2d 521 (1992) for the proposition that "[a] finding that sexual abuse has occurred must be supported by credible evidence." *Mary D., supra*, 190 W.Va. at 348, 438 S.E.2d at 528. However in

*Mary D.*, we were examining the issue of supervised visitation in situations where the non-custodial parent has been charged with sexual abuse. This Court determined in *Mary D.*, that when a non-custodial parent has been charged with abuse, the trial court may order supervised visitation in order to protect the child, and the allegation of sexual abuse need only be supported by *credible* evidence. The general standard of proof in civil cases is *preponderance* of evidence. *See generally, Brown v. Gobble*, 196 W.Va. 559, 563, 474 S.E.2d 489, 493 (1996). In *Mary D.*, we stated that because termination of parental rights was not involved, but only supervised visitation, that the standard of *credible* evidence was sufficient.

■ In this case, allegations of sexual abuse were not made against a visiting or custodial parent, but rather a third party. For this reason, we do not extend the lower *credible* evidence standard to this case.

■ The appellant and the GAL next argue that the lower court was clearly erroneous in failing to qualify Dr. Timothy Freeman, Ph.D. as an expert witness. In determining who is an expert, circuit courts must conduct a two-step inquiry:

> First, a circuit court must determine whether the proposed expert (a) meets the minimal educational or experiential qualifications (b) in a field that is relevant to the subject under investigation (c) which will assist the trier of fact. Second, a circuit court must determine that the expert's area of expertise covers the particular opinion as to which the expert seeks to testify.

Syllabus Point 5 in part, *Gentry v. Mangum*, 195 W.Va. 512, 466 S.E.2d 171 (1995). Dr. Freeman is a clinical psychologist who has worked with children since the 1980's. Dr. Freeman's graduate studies included work at a clinic where children who had been sexually abused were treated. He testified that, as a child psychologist, while he had worked with some sexually abused children, it was not the larger part of his primary practice. The circuit court acknowledged that Dr. Freeman was a child psychologist, but determined that because Dr. Freeman had testified in only

three previous court matters, and because his practice did not encompass a great number of sexually abused children, Dr. Freeman did not qualify as an expert witness.[6]

■ Under *Gentry* we must first determine if Dr. Freeman meets the minimal educational or experiential qualifications. Dr. Freeman's extensive training and professional experience should obviously qualify him as an expert witness in a matters relating to child custody. We have held that courts should err on the side of admissibility. *Gentry, supra,* 195 W.Va. at 525, 466 S.E.2d at 184. When an expert witness is qualified by training or education, "it is an abuse of the trial court's discretion to refuse to qualify that individual as an expert." *Cargill v. Balloon Works, Inc.,* 185 W.Va. 142, 146, 405 S.E.2d 642, 646 (1991) (per curiam). The testimony of Dr. Freeman was in a "field that [was] relevant to the subject under investigation." *Gentry, supra.* Further, the testimony offered by Dr. Freeman would have assisted the trier of fact.

The second prong that circuit courts must examine is whether Dr. Freeman's area of expertise covered the particular opinion that Dr. Freeman sought to render to the court. We have held that "a witness may be qualified as an expert by practical experience in a field of activity conferring special knowledge not shared by mankind in general." Syllabus Point 2 in part, *State v. Baker,* 180 W.Va. 233, 376 S.E.2d 127 (1988). Dr. Freeman sought to render testimony concerning the interviews with the child and the conclusions he reached following these interviews. The area of expertise held by Dr. Freeman qualified him to testify concerning these issues.

■ We therefore conclude that the circuit court was clearly erroneous in failing to qualify Dr. Freeman as an expert. However, Dr. Freeman was permitted to testify and the court heard his entire testimony. Conse-

quently, we find that the error committed by the circuit court in failing to qualify Dr. Freeman as an expert witness did not constitute reversible error.

■ Finally, the appellant and the GAL argue that the circuit court was clearly erroneous in failing to find that the child was sexually abused. This is a question of fact that is reviewed under a clearly erroneous standard. *See* Syllabus Point 4, *Burgess v. Porterfield,* 196 W.Va. 178, 469 S.E.2d 114 (1996). There was no physical evidence of abuse in this case, and the allegations of abuse were made under an extremely trying time in the life of a little child.[7] Therefore, we do not find that the lower court was clearly erroneous in its findings.

■ We next address an area of great concern to this Court, the issue of visitation. The appellant in this matter has been effectively cut off from his child following the entry of the circuit court's last order. Appellant has been permitted two 1 hour visitations with his child and no phone calls. We have held:

> If the protection of the children provided by supervised visitation is no longer necessary, either because the allegations that necessitated the supervision are determined to be without "*credible evidence*" (*Mary D. v. Watt,* 190 W.Va. 341, 348, 438 S.E.2d 521, 528 (1992)) or because the noncustodial parent had demonstrated a clear ability to control the propensities which necessitated the supervision, the circuit court should gradually diminish the degree of supervision required with the ultimate goal of providing unsupervised visitation. The best interests of the children should determine the pace of any visitation modification to assure that the children's emotional and physical well being is not harmed.

---

**6.** Circuit courts should not base their determination of whether an individual is an expert on the number of times an individual has appeared in court:

> Whether a proffered expert witness has testified in court on prior occasions, while relevant, certainly is not dispositive. Once an expert witness passes the minimal threshold,

further credentials affect the weight of the testimony not its admissibility.

*Gentry, supra,* 195 W.Va. at 523 n. 14, 466 S.E.2d at 182 n. 14.

**7.** According to the child's treating psychologist, the child recanted the allegations after returning to his mother's custody.

Syllabus Point 4, *Carter v. Carter,* 196 W.Va. 239, 470 S.E.2d 193 (1996).

■ In this matter, no evidence was offered tending to show that the father abused the child. The ultimate goal in this case is for the child to have the best relationship possible with both of his parents. Therefore, we direct the lower court to forthwith address the issue of visitation so as to establish a meaningful visitation plan for the parties and the child.[8] We remind both the appellant and the appellee not to discourage any visitation with the other parent, or to poison the child in the child's relationship with the other parent in any way. Such conduct would be grounds to modify visitation or even modify custody. *See generally, Lesavich v. Anderson,* 192 W.Va. 553, 453 S.E.2d 387 (1994) *(per curiam )*; *Anderson v. Newman,* 190 W.Va. 577, 439 S.E.2d 442 (1993) *(per curiam )*; and *Weece v. Cottle,* 177 W.Va. 380, 352 S.E.2d 131 (1986) *(per curiam ).*

Furthermore, should the mother appellee resume a relationship with the boyfriend who allegedly abused the child, said relationship could affect the mother's custodial rights.

### III.

In conclusion, we find that the circuit court did not err in using the preponderance of evidence standard in determining the issue of whether there had been sexual abuse of the child, and that the circuit court was not clearly erroneous on the issue of sexual abuse. We do find that the court erred in not qualifying Dr. Freeman as an expert witness, but we find this not to be reversible error. Finally, we remand this matter to the circuit court with instructions to forthwith address the matter of visitation to establish a meaningful visitation plan for the parties and the child.

Affirmed, in part, and remanded with directions.

---

**8.** The GAL informed this Court during oral argument that she has been instructed by the court not to have any contact with the child. ·This instruction is in direct conflict with *In re Jeffrey R.L.,* 190 W.Va. 24, 435 S.E.2d 162 (1993) in which we set out the duties and responsibilities of guardians *ad litem.* The GAL is directed to perform those tasks set forth in *In re Jeffrey,* and to have that contact with the child necessary to perform her job.