IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**
**October 1, 2024**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**CREDA HACKER,**
**Plaintiff Below, Petitioner**

**v.) No. 23-ICA-258**    (Cir. Ct. of Braxton Cnty. Case No. CC-04-2023-C-AP-1)

**PLETCHER MOTORS, INC.,**
**Defendant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Creda Hacker ("Ms. Hacker") appeals a final order entered by the Braxton County Circuit Court on May 15, 2023, granting judgment in favor of Respondent, Pletcher Motors, Inc. ("Pletcher Motors") and dismissing Ms. Hacker's case. Pletcher Motors filed a response.[1] Ms. Hacker did not file a reply. The issue on appeal is whether the circuit court erred by failing to properly assess testimony presented and failing to consider certain evidence at a bench trial.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's May 15, 2023, order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Hacker engaged Pletcher Motors to perform repairs and maintenance on a 1996 Ford Ranger. Pletcher Motors picked up the vehicle from Ms. Hacker, made repairs and returned it to her. Ms. Hacker claims, however, that the vehicle returned to her was a different vehicle based on her observations of alleged changes to the original vehicle. Ms. Hacker filed a complaint in Braxton County Magistrate Court on October 25, 2022, claiming that the wrong vehicle was returned and demanding that Pletcher Motors return the original vehicle. The magistrate court conducted a bench trial on December 8, 2022, found in favor of Pletcher Motors, and dismissed Ms. Hacker's action by a civil judgment order entered the same day. Ms. Hacker appealed the magistrate court's civil judgment order to the Braxton County Circuit Court on December 30, 2022. The circuit court conducted a de novo bench trial on May 11, 2023, where it heard testimony and took evidence from Ms. Hacker and Pletcher Motors. The circuit court found in favor of Pletcher

---

[1] On appeal, Ms. Hacker is self-represented. Pletcher Motors is represented by Daniel K. Armstrong, Esq.

1

Motors and dismissed Ms. Hacker's action by order entered May 15, 2023. Ms. Hacker appealed the circuit court's May 15, 2023, order to this Court on June 9, 2023.

We will apply the following standard of review:

> In reviewing challenges to the findings and conclusions of the circuit court made after a bench trial, a two-pronged deferential standard of review is applied. The final order and the ultimate disposition are reviewed under an abuse of discretion standard, and the circuit court's underlying factual findings are reviewed under a clearly erroneous standard. Questions of law are subject to a *de novo* review.

Syl. Pt. 1, *Public Citizen, Inc. v. First Nat'l Bank in Fairmont*, 198 W.Va. 329, 480 S.E.2d 538 (1996).

At the outset, we find that Ms. Hacker's brief does not clearly state any assignments of error, nor does it comply with the requirements of Rule 10 of the West Virginia Rules of Appellate Procedure in terms of formatting or the organization of the brief, most notably Rule 10(c)(7) (requiring the argument section of the brief to contain, among other things, "an argument clearly exhibiting the points of fact and law presented, the standard of review applicable, and citing the authorities relied on, under headings that correspond with the assignments of error."). Ms. Hacker's brief consists mostly of vague statements indicating a general dissatisfaction with the circuit court's review of the evidence and with the ultimate disposition of the case. As we have observed previously, we cannot consider indecipherable arguments made in appellate briefs. *See Vogt v. Macy's, Inc.*, 22-ICA-162, 2023 WL 4027501, at *4 (W. Va. Ct. App. June 15, 2023) (memorandum decision) (citing *State v. Lilly*, 194 W. Va. 595, 605 n.16, 461 S.E.2d 101, 111 n.16 (1995) (explaining that appellate courts frequently refuse to address undeveloped, perfunctory, or cursory arguments on appeal)). However, as has been our past practice, we will be mindful that "[w]hen a litigant chooses to represent himself, it is the duty of the [court] to insure fairness, allowing reasonable accommodations for the pro se litigant so long as no harm is done an adverse party." *Bego v. Bego*, 177 W. Va. 74, 76, 350 S.E.2d 701, 703 (1986).

We recognize that Ms. Hacker's arguments are undeveloped but also that Ms. Hacker is self-represented, and we will address only the issues that we can reasonably determine comprise the substance of Ms. Hacker's appeal. Upon review, we conclude those issues are (1) whether the circuit court erred by finding in favor of Pletcher Motors based on an erroneous assessment of the evidence, and (2) whether the circuit court erred by failing to consider photographs and the testimony of her witness. We disagree with Ms. Hacker's arguments and will address the two issues together.

We review the circuit court's factual determinations under a clearly erroneous standard. Rule 52(a) of the West Virginia Rules of Civil Procedure provides, in relevant

part, that, when a court sits without a jury, "[f]indings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses." W. Va. R. Civ. P. 52(a).

At the bench trial, the circuit court heard testimony and considered evidence from both sides. Ms. Hacker testified on her own behalf and called one other witness, her niece, Molena Rose. Jon Pletcher and Noel Pletcher testified on behalf of Pletcher Motors and Pletcher Motors presented documentary evidence. After considering the witness testimony and other evidence, the circuit court found that (1) the entirety of Ms. Hacker's testimony was based on speculation, conjecture, and assumptions, (2) Ms. Hacker's other witness had no personal knowledge of the subject incident and had no other proof that the vehicle returned to Ms. Hacker was not the original vehicle, (3) John Pletcher and Noel Pletcher provided credible testimony establishing the mechanical work performed by Pletcher Motors and establishing that the vehicle returned to her was not a different vehicle, and (4) the credibility of Pletcher Motors' witnesses was greater than that of Ms. Hacker and her only other witness.

The circuit court clearly believed the testimony of the Pletcher Motors witnesses over the testimony of Ms. Hacker and her witness. The circuit court found no credibility in Ms. Hacker's unsubstantiated assertions that the vehicle returned to her was not the original vehicle. A trial court is in a unique position to assess a witness' testimony, demeanor, and credibility and the circuit court properly did so here. There is simply nothing in the record to suggest a mistake by the circuit court and we find the circuit court's factual determinations are not clearly erroneous.

Turning to the ultimate disposition of the case, we review the circuit court's conclusions under an abuse of discretion standard. The Supreme Court of Appeals of West Virginia has held that if the "circuit court's findings of fact are not clearly erroneous and the correct legal standard is applied, the circuit court's ultimate ruling will be affirmed as a matter of law." *In re Elizabeth Jo*, 192 W. Va. 656, 659, 453 S.E.2d 639, 642 (1994) (per curiam). The Supreme Court of Appeals of West Virginia has also provided that "[t]he general standard of proof in civil cases is *preponderance* of evidence." *Sharon B.W. v. George B.W.,* 203 W. Va. 300, 303, 507 S.E.2d 401, 404 (1998) (per curiam). The circuit court concluded that based on the factual findings, Ms. Hacker failed to prove her case by a preponderance of the evidence, which is the correct legal standard of proof in this case. We therefore find no abuse of discretion by the circuit court with its conclusions or with dismissal of Ms. Hacker's case.

Accordingly, we affirm the final order entered on May 15, 2023.

Affirmed.

3

**ISSUED:** October 1, 2024

**CONCURRED IN BY:**

Chief Judge Thomas E. Scarr
Judge Charles O. Lorensen
Judge Daniel W. Greear