STATE OF WEST VIRGINIA

FILED

**February 19, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**Steven A. Williamson,**
**Petitioner Below, Petitioner**

**vs)    No. 15-0383** (Mercer County 15-C-32)

**Patrick Mirandy, Warden, St. Mary's**
**Correctional Center**
**Respondent Below, Respondent**


**MEMORANDUM DECISION**

Petitioner Steven A. Williamson, pro se, appeals the order of the Circuit Court of Mercer County, entered on April 6, 2015, summarily denying his petition for a writ of habeas corpus. Respondent Patrick Mirandy, Warden, St. Mary's Correctional Center, by counsel Laura Young, filed a response, and petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner was indicted on charges of first-degree robbery and assault during commission of a felony. The charges stemmed from an incident during which petitioner stole a purse from a woman while she was coming out of a business. Petitioner grabbed the purse and jerked it off the woman's shoulder, causing her to fall and dislocate her shoulder. Petitioner fled on a bicycle, but was apprehended shortly thereafter.

On December 12, 2011, petitioner pled guilty to first-degree robbery in exchange for the State's dismissal the assault charge and agreement to stand silent as to a recommendation at petitioner's sentencing. After engaging in a colloquy with petitioner, the circuit court accepted petitioner's guilty plea and convicted him of first-degree robbery. The circuit court ordered a

1

pre-sentence investigation report ("PSI report") prior to sentencing.[1] After receiving the PSI report, the circuit court held petitioner's sentencing hearing on February 6, 2012. The circuit court imposed a sentence of twenty-five years of incarceration, noting that petitioner committed an act of violence on the victim by knocking her down and separating her shoulder. Petitioner's counsel filed a motion for reconsideration of sentence, which was denied on June 3, 2013.

On January 30, 2015, petitioner filed a petition for a writ of habeas corpus, alleging (1) involuntary guilty plea; (2) ineffective assistance of counsel; (3) more severe sentence than expected; and (4) failure of counsel to appeal. Upon review of the petition, the underlying criminal record, and the hearing transcripts, the circuit court determined that it could rule on the petition without an evidentiary hearing or appointment of counsel. Accordingly, the circuit court addressed each of petitioner's four grounds—finding merit in none of them—and denied both his habeas petition and his motion for appointment of counsel in an extensive and well-reasoned order.

Petitioner appeals the circuit court's April 6, 2015, order summarily denying his habeas petition. We apply the following standard of review in habeas cases:

> In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a de novo review.

Syl. Pt. 1, *Mathena v. Haines*, 219 W.Va. 417, 418, 633 S.E.2d 771, 772 (2006). Also, we will not address issues which have not been decided by the circuit court. *See* Syl. Pt. 2, *Sands v. Security Trust Co.*, 143 W.Va. 522, 102 S.E.2d 733, 734 (1958).

We find that the circuit court's order adequately resolves all issues raised by petitioner in his habeas petition. We briefly note two issues that were not presented to the circuit court. First, petitioner concedes that respondent is correct that he did not raise the issue of his mental competency to enter his guilty plea. On appeal, petitioner asks that we address that issue under the plain error doctrine or remand this case so that the circuit court can address it. We decline to do either. Because the circuit court summarily denied petitioner's petition without holding a hearing or appointing counsel, the doctrine of res judicata will not bar petitioner from filing successive habeas petitions. *See* Syl. Pt. 2, *Losh v. McKenzie*, 166 W.Va. 762, 277 S.E.2d 606, 608 (1981). Petitioner may raise the issue of his mental competency in a subsequent petition provided that he has adequate factual support to do so.

---

[1]The PSI report erroneously described the sentencing range for first-degree robbery. At the sentencing hearing, the circuit court corrected this error stating, as it did at the plea hearing, that first-degree robbery did not have a maximum sentence. *See* W.Va. Code § 61-2-12(a)(1) (defendant convicted of first-degree robbery "shall be imprisoned in a state correctional facility *not less than ten years*.") (emphasis added).

2

Second, the circuit court resolved petitioner's excessive sentence claim pursuant to *State v. Goodnight*, 169 W.Va. 366, 287 S.E.2d 504 (1982), because petitioner made no other argument with regard to a first-degree robbery sentence in his petition.[2] We deem all other arguments regarding such a sentence waived for the purposes of this appeal.

Having reviewed the circuit court's April 6, 2015, "Order Summarily Denying Petition for Writ of Habeas Corpus," we hereby adopt and incorporate the circuit court's well-reasoned findings and conclusions as to all other issues raised by petitioner in this appeal. The Clerk is directed to attach a copy of the circuit court's order to this memorandum decision. We conclude that the circuit court did not abuse its discretion in denying petitioner's petition for a writ of habeas corpus.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** February 19, 2016

**CONCURRED IN BY:**

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

---

[2]In Syllabus Point 4 of *Goodnight*, we held that "[s]entences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review." 169 W.Va. at 366, 287 S.E.2d at 505.

3

**COPY**

NOTED CIVIL DOCKET

APR 0 6 2015

JULIE BALL
CLERK CIRCUIT COURT
MERCER COUNTY

I THE CIRCUIT COURT OF MERCER COUNTY, WEST VIRGINIA

STEVEN A WILLIAMSON

r.

CIVIL ACTION NO. 15-C-32
INDICTMENT NO. 11-F-340

PATRICK MIRANDY, WARDEN

## ORDER SUMMARILY DENYING
## PETITION FOR WRIT OF HABEAS CORPUS

On January 29, 2015, this matter came before the Court on Steven Williamson's Petition for Post-Conviction Habeas Corpus relief brought pursuant to the provisions of West Virginia Code §53-4A-1, *et seq.*, as amended. Petitioner seeks relief from a determinate sentence of twenty five (25) years in the State penitentiary, which the Court imposed after his conviction by plea of guilty to Robbery First Degree. He contests the constitutionality of his incarceration on four grounds: (1) conviction obtained by an involuntary plea of guilty; (2) ineffective assistance of counsel; (3) imposition of a more severe sentence than expected; and (4) failure of counsel to appeal.[1] In support of the petition, Petitioner attached the Attorney's Statement in Support of Guilty Plea and Petition to Enter Plea of Guilty.[2]

### I. Factual and Procedural History

The petitioner was indicted by Grand Jury on October 18, 2011, for the crimes of Robbery – First Degree and Assault during the Commission of a Felony. On December 12, 2011, Williamson pleaded guilty to the robbery charge pursuant to a plea agreement with the

---

[1] Each allegation will be set forth in detail in the Conclusions of Law.
[2] He also attached "Resident Transaction Details" regarding his income to support his Application to Proceed in Forma Pauperis and Affidavit. These documents have no bearing on the habeas issues.

1

State in which the State agreed to dismiss Count 2[3] of the Indictment and stand silent at sentencing in exchange for Petitioner's plea of guilty to Count 1. He was sentenced to a determinate term of twenty-five (25) years in the penitentiary on February 6, 2012. The petitioner filed a motion for reconsideration, which the Court denied on June 3, 2013. He filed the instant habeas petition on January 29, 2015, followed by a motion for appointment of counsel on March 19, 2015.

## II. Standard of Review

*Habeas Corpus* is "a suit wherein probable cause therefore being shown, a writ issued which challenges the right of one to hold another in custody or restraint." Syl. Pt. 1, *State ex rel. Crupe v. Yardley*, 213 W. Va. 335, 582 S.E.2d 782 (2003); Syl. Pt. 1, *State ex rel. Crupe v. Yardley*, 213 W. Va. 335, 582 S.E.2d 782 (2003). "The sole issue presented in a habeas corpus proceeding by a prisoner is whether he is restrained of his liberty by due process of law." *Id.* at Syl. Pt. 2. "A habeas corpus petition is not a substitute for writ of error[4] in that ordinary trial error not involving constitutional violations will not be reviewed." *Id.* at Syl. Pt. 3. Additionally, a habeas corpus proceeding is civil in nature, and the general standard of proof is a preponderance of the evidence. *Sharon B. W. V. George B. W.*, 203 W.Va. 300, 303, 507 S.E.2d 401, 404 (1998).

As established by the West Virginia Supreme Court in *Tate ex rel. McCabe v. Seifert*, 220 W.Va. 79, 640 S.E.2d 142 (2006), habeas corpus relief may be available to

(1) Any person convicted of a crime and

---

[3] Count 2 of the Indictment charged Petitioner with assault during the commission of a felony.
[4] A writ of error is a writ issued by an appellate court to the court of record where a case was tried, requiring that the record of the trial be sent to the appellate court for examination of alleged errors, writ of error. *Dictionary.comUnabridged (v 1.1)* Random House, Inc.

2

(2) incarcerated under sentence of imprisonment therefore who contends

(3) that there was such a denial or infringement of his rights as to render the conviction or sentence void under the Constitution of the United States or the Constitution of this State or both, or

(4) that the court was without jurisdiction to impose the sentence, or

(5) that the sentence exceeds the maximum authorized by law, or

(6) that the conviction or sentence is otherwise subject to collateral attack upon any ground of alleged error heretofore available under the common-law or any statutory provision of this State, may without paying a filing fee file a petition for a writ of habeas corpus ad subjiciendum, and prosecute the same, seeking release from such illegal imprisonment, correction of the sentence, setting aside of the plea, conviction and sentence, or other relief. *Id.*; W.Va. Code §53-4A-1(a)(1967)(Repl. Vol. 2000).

Guided by these standards, the Court has scrupulously considered the petition, the exhibits, the underlying criminal record, the transcripts of relevant hearings, and pertinent legal authorities. The Court finds that all matters alleged in this habeas petition are inextricably linked to Petitioner's December 12, 2011, plea of guilty, and the Court is satisfied based on the petition and accompanying documents and the underlying record that no violation of the petitioner's Constitutional rights occurred and no evidence is needed to resolve the issues. As a result, the Court rules without an evidentiary hearing and hereby summarily dismisses the Petition. *See, State ex. rel. Waldron v. Scott,* 222 W.Va. 122, 663 S.E.2d 576, 580 (2008) (finding that a circuit court may dispose of habeas allegations without an evidentiary hearing, so long as the order

3

meticulously addresses each of the grounds raised by the petitioner).   It also DENIES

Petitioner's motion for appointment of counsel.[5]

## III.    Dialogue and Testimony

To put the petitioner's allegations in to context, the Court prefaces its Findings of Fact

and Conclusions of Law with pertinent dialog from the plea hearing and the sentencing hearing.

### A.  Plea Hearing Colloquy (December 12, 2011)

COURT:[6]        Mr. Williamson, can you raise your right hand? Do you swear or affirm
                 the testimony you give be the truth, the whole truth, and nothing but the
                 truth, so help you God?

DEFENDANT: Yes, sir.

. . .

COURT:           How far did you go in school?

DEFENDANT:  Twelfth grade.

COURT:           And so I take it you can read and write?

DEFENDANT:  No, sir.

COURT:           You can't read and write?

DEFENDANT:  Barely read and write. They've got me down as mental retarded in my
                 school records.

. . .

COURT:           Now did you received [sic] a copy of the indictment in this case?

DEFENDANT:  Yes, sir.

COURT:           And did Mr. Evans read it to you?

DEFENDANT:  Yes, sir.

COURT:           And did he explain it to you?

DEFENDANT:  Yes, sir.

COURT:           And do you understand the nature of the charges against you that are
                 made in the indictment?

DEFENDANT:  Yes, sir.

---

[5] Williamson filed the motion for appointment of counsel on March 19, 2015.
[6] Plea Hearing Transcript pages 2 through 8 (hereinafter designated as 12/12/2011 Tr. at pp. __)

4

COURT: Now, it's my understanding that you wish to enter a plea of guilty to the indictment pursuant to a plea agreement that you've reached with the State, is that correct?

DEFENDANT: Yes, sir.

COURT: Alright. Now before we get to the plea agreement are you under the influence of alcohol or drugs, Mr. Williamson?

DEFENDANT: No, sir.

COURT: And, uh, do you suffer from any sort of mental impairment that would prevent you from understanding what's going on here in Court today?

DEFENDANT: No, Sir.

COURT: Alright. Now, you say that you can...you cannot read and write and did you have like some learning disabled classes and stuff like that?

DEFENDANT: Yeah. I've got a ...I've got a learning disability. I don't comprehend stuff that I read.

COURT: Alright. Does that in anyway prevent you from understanding what we're doing here?

DEFENDANT: No, sir.

COURT: Alright.

DEFENDANT: He explained it to me.

COURT: In other words, you know where you're at and what you're doing?

DEFENDANT: Yes, sir.

***

COURT: Alright. Now, uh, under the plea agreement it's been...your lawyer and the State has advised that you agree to plea guilty to Count 1 of the indictment which charges you with robbery first degree.

DEFENDANT: Yes, sir.

***

COURT: And [in] exchange for your plea of guilty to that charge the State will move to dismiss Count 2 of the charges, the assault during the commission of a felony and the State will further agree to remain silent at sentencing. Is that correct?

DEFENDANT: Yes, sir.

***

COURT: Now once again, this agreement is that you plea guilty to Count 1. Count 2 will be dismissed and the State will remain silent at sentencing.

.5

| DEFENDANT: | Yes, sir. |
| COURT: | The complete agreement? |
| DEFENDANT: | Yes, sir. |
| COURT: | Now do you understand, Mr. Williamson...there is no agreement as to punishment or probation and the decision as to punishment in this case is a decision that I, alone, will make? |
| DEFENDANT: | Yes, sir. |
| COURT: | Do you understand that? |
| DEFENDANT: | Yes, sir. |
| COURT: | And do you understand that the penalty that you face by pleading guilty to robbery first degree is a minimum of ten years in the penitentiary? |
| DEFENDANT: | Yes, sir. |
| COURT: | And you understand that there is no maximum on that. That it's up to the discretion of the Court what your sentence will be? |
| DEFENDANT: | Yes, sir. |
| COURT: | And that it will be at least ten years in the penitentiary but it could be as much as a 100. Do you understand that? |
| DEFENDANT: | Yes, sir. |
| COURT: | Do you have any questions about the penalty? |
| DEFENDANT: | No, sir. |

***

| COURT: | Do you have any questions about the punishment you face by pleading guilty to robbery first degree? |
| DEFENDANT: | No, sir.[7] |

****

| COURT: | Now do you understand and has Mr. Evans explained to you, Mr. Williamson, the elements of the offense of robbery first degree?[8] |
| DEFENDANT: | No. I don't understand the elements. |
| COURT: | Alright. |

*(Defendant conferring with his attorney.)*

| DEFENDANT: | Okay. Yes, sir. |

---

[7] 12/12/2011 Tr. at p. 8 (End Excerpt)
[8] 12/12/2011 Tr. at p. 8 (Begin Excerpt)

6

| COURT: | And by elements of the offense what that means is that's what the State would have to prove beyond a reasonable doubt in order for a jury to find you guilty of that. Do you understand that? |
|---|---|
| DEFENDANT: | Yes, sir. |
| COURT: | And robbery first degree first of all is a crime that committed against a person. Do you understand that? |
| DEFENDANT: | Yes, sir. |
| COURT: | And if we went to trial in order for a jury to find you guilty of robbery first degree the Court would have to prove beyond a reasonable doubt that you unlawfully and feloniously committed violence to a person and that while and the reason that you committed the violence to the person is so that you could steal property from them. Take from their person property. Do you understand that? |
| DEFENDANT: | Yes, sir. |
| COURT: | And that's, uh, and the property had to be either on their person or under their custody and control. Do you understand that? |
| DEFENDANT: | Yes, sir. |
| COURT: | So it's a violent crime that's committed against a person for the purpose of stealing property from them. Do you understand that? |
| DEFENDANT: | Yes, sir. |
| COURT: | And that's what the State would have to beyond a reasonable doubt. Do you understand that? |
| DEFENDANT: | Yes, sir. |
| COURT: | Alright. Do you have any questions about the offense of robbery first degree? |
| DEFENDANT: | No, sir. |
| COURT: | And you understand what the elements of that offense are? |
| DEFENDANT: | Yes, sir.[9] |

***

| COURT: [10] | Alright. Now has anyone promised you leniency or a lighter sentence to get you to plead guilty? |
|---|---|
| DEFENDANT: | No, sir. |

---

[9] 12/12/2011 Tr. at p. 10 (End Excerpt)
[10] 12/12/2011 Tr. at p. 19 (Begin Excerpt)

7

| | |
|---|---|
| COURT: | Has anyone promised you I'd put you on probation? |
| DEFENDANT: | No, sir. |
| COURT: | Have any promises been made to you other than what's in the plea agreement that we stated at the...that we went over at the beginning of the hearing? |
| DEFENDANT: | No, sir. |
| COURT: | Now on the other hand has anyone threatened you or anyone in your family or placed you in fear to get you to plea guilty? |
| DEFENDANT: | No, sir. |
| COURT: | Is your offer to plea guilty free and voluntary of your own part and you're doing of your own free will? |
| DEFENDANT: | Yes, sir. |
| COURT: | In other words, no one is forcing you to do it? |
| DEFENDANT: | No, sir. |
| COURT: | Now, Mr. Williamson, do you understand that a guilty plea is more than an admission of criminal conduct, that it will be a conviction. . . There's not going to be a trial of any kind and all I would have to do is accept a ...accept your plea of guilty and you stand convicted of this robbery first degree and that the only thing left for me to do after that would be to determine what sentence should be imposed? Do you understand that? |
| DEFENDANT: | Yes, sir. |
| COURT: | Knowing all of this, do you still with to enter a plea of guilty? |
| DEFENDANT: | Yes, sir. |

***

| | |
|---|---|
| COURT: | Before entering your plea do you want to have more time to talk to Mr. Evans or to anyone else? |
| DEFENDANT: | No, sir.[11] |

***

| | |
|---|---|
| COURT:[12] | Now, Mr. Williamson if you and Mr. Evans will come up to the Clerk's Desk here and we'll go over these forms that you submitted to the Court and while you're up here I'll have you execute your written plea of guilty. |
| | Now the first document we have is this petition to enter a plea of guilty. Do you recognize that, Mr. Williamson? |

---

[11] 12/12/2011 Tr. at p. 21 (End Excerpt)
[12] 12/12/2011 Tr. at p. 22-26

8

| | |
|---|---|
| DEFENDANT: | Yes, sir. |
| COURT: | And did Mr. Evans read that to you? |
| DEFENDANT: | Yes, sir. |
| COURT: | Did he explain it to you? |
| DEFENDANT: | Yes, sir. |
| COURT: | Do you understand everything that is contained in that document? |
| DEFENDANT: | Yes, sir. |
| COURT: | Now do you have any questions of the Court about any of the matters that's contained in that document? |
| DEFENDANT: | No, sir. |

\*\*\*

| | |
|---|---|
| COURT: | The Court will order that the petition to enter plea of guilty be filed. The next document that the Court has is called the Defendant's Statement in Support of Guilty Plea. Now, do you recognize that document, Mr. Williamson? |
| DEFENDANT: | Yes, sir. |
| COURT: | And did Mr. Evans read all the questions to you that's in that document. |
| DEFENDANT: | Yes, sir. |
| COURT: | And did you answer the questions that [he] read to you? |
| DEFENDANT: | Yes, sir. |
| COURT: | And did you go over your questions and answers with you? |
| DEFENDANT: | Yes, sir. |
| COURT: | And do you understand all your questions and your answers that are contained in that document? |
| DEFENDANT: | Yes, sir. |
| COURT: | And is that your signature at the first of four pages of that document? |
| DEFENDANT: | Yes, sir. |
| COURT: | Do you have any questions of the Court about any of the matters that's contained in that document? |
| DEFENDANT: | No, sir. |

\*\*\*

| | |
|---|---|
| COURT: | Now the last document we have, Mr. Williamson, is your actual written plea of guilty. Do you recognize that? |

9

| | |
|---|---|
| DEFENDANT: | Yes, sir. |
| COURT: | And did Mr. Evans Read that to you? |
| DEFENDANT: | Yes, sir. |
| COURT: | And did he explain it to you? |
| DEFENDANT: | Yes, sir. |
| COURT: | And do you understand everything that's contained in that document? |
| DEFENDANT: | Yes, sir. |
| COURT: | Is that your signature at the bottom of the first page? |
| DEFENDANT: | Yes, sir. |
| COURT: | Now do [you] have any questions of the Court about any of the matters in that document? |
| DEFENDANT: | No, sir. |
| COURT: | And you understand that's your actual plea of guilty to first degree robbery under Count One of the indictment? |
| DEFENDANT: | Yes, sir. |
| COURT: | Alright. If that's still what you want to do you need to sign the bottom of the second page there which acknowledges your plea of guilty to Count One of Indictment Number 11-F-340 charging you with robbery first degree. [13] |
| PROSECUTOR: | If we took this case to trial, Your Honor, the State's evidence would show that on the 17th day of August, 2011, Lois Christian was coming from or she was at the Roses here in Princeton on Stafford Drive. That while she was at entry way of the Roses Mr. Williamson came by and took her purse by force. He broke the strap on the purse when he jerked off her shoulder and knocked her to the ground. She suffered a dislocated shoulder. That he fled on a bicycle. Was apprehended by some construction workers who saw what had happened. When he was, picked up by the police he was advised of his Miranda warnings and he confessed to the crime of robbery. |
| | That would be the State's evidence. |
| COURT: [14] | Now, Mr. Williamson, you hear what the State said. Is that what happened? |
| DEFENDANT: | Uh, some like that. I... truly quite like that. |
| COURT: | Alright. You tell me what happened. |

[13] 12/12/2011 Tr. at p. 26 (End Excerpt)
[14] 12/12/2011 Tr. at p. 27 (Begin Excerpt)

10

DEFENDANT: I was coming through Roses' parking lot and a woman was walking and she had her purse in her hand slinging it and it wasn't on her shoulder. And I rode the bike by. I grabbed it and I pulled it and the strap did break and she apparently did fall. And I took off on the bike and uh there wasn't no construction workers that apprehended me. It was the detectives or the cops that was out there. They caught me running down a little alley.

COURT: Okay.

DEFENDANT: That's all.

COURT: Alright. But you're pleading guilty because you are guilty?

DEFENDANT: Yes, I am guilty. I did do it.

COURT: Alright. Now, Mr. Evans, before I accept your client's guilty plea, having talked with him, having investigated his case and having heard the representations of the State with respect to its evidence and knowing the facts and circumstances surrounding this matter can you see any advantage to your client if this case proceeded to trial?

COUNSEL: No, sir.

COURT: Do you know of any meritorious defenses he would have if this case went to trial?

COUNSEL: No, sir.

COURT: Do you feel it is in his best interest for the Court to accept the plea pursuant to the plea agreement?

COUNSEL: Yes, sir.

COURT: Alright.

COURT: Now, Mr. Williamson, are you satisfied with the manner in which Mr. Evans has represented you?

DEFENDANT: Yes, sir.

COURT: Do you feel that there is anything he failed to do in representing you?

DEFENDANT: No, sir.

COURT: Did he do anything in your case you did not want him to do?

DEFENDANT: No, sir.

COURT: Do you have any complains at all about how he's represented you?

DEFENDANT: No, sir.

COURT: Have you understood all of my questions today?

DEFENDANT: Yes, sir.

11

| COURT | And did you understand all of the matters I explained to you? |
| DEFENDANT: | Yes, sir. |
| COURT: | Were all of your answers truthful? |
| DEFENDANT: | Yes, sir. |
| COURT: | Did you freely and voluntarily tender this plea of guilty to this Court? |
| DEFENDANT: | Yes, sir. |
| COURT: | Do you have any questions at all about your guilty plea or anything else? |
| DEFENDANT: | No, sir. |
| COURT: | Alright. And do you want the Court to accept your plea or reject it? |
| DEFENDANT: | I'd like for them to accept it. |
| COURT: | Alright. The Court, after due consideration of the facts and circumstances developed by the responses and statements made by the Defendant, and of the statements made by both the attorney for the Defendant and the attorney for the State finds as follows: |

The Defendant and his attorney have received a copy of the indictment in this case, and the defendant understands the nature and meaning of the charge against him contained in the indictment.

The Defendant has an attorney, who is competent in criminal matters, and the Defendant is totally satisfied with the representation and advice he received from his attorney.

\*\*\*

The Court further finds that the defendant also understands that…any plea agreement that appears in the record of this case is not binding on this Court with respect to punishment or probation; and that he may be sentenced to the penitentiary of this State for a minimum term of ten years. He understands there is no maximum term and it would be at the discretion of the Court what his sentence would be…

Mr. Evans, do you have any motions that you wish to make at this time?

| COUNSEL: | Your Honor, I'll be filing some written motions for alternative sentencing but none at this time.[15] |

## B. Sentencing Hearing Colloquy (February 6, 2012)

COURT:[16]  Alright. Thank you.

---

[15] 12/12/2011 Tr. at p. 33 (End Excerpt)
[16] 2/6/2012 Tr. at pp. 6-10.

The question before the Court is what should be the proper sentence for Mr. Williamson. As the Court has previously pointed out Mr. Williamson has pled guilty to a robbery first degree which carries a minimum sentence of ten years in the penitentiary. So there's really a couple of questions that the Court has address at this sentencing hearing. The first is whether or not the Court should suspend any sentence and place Mr. Williamson on some sort of probation or other form of alternative sentencing and the second question is what should be the actual sentence that Mr. Williamson receives as far as a term of years.

We'll address the first question that the Court posed at this time and that's whether or not Mr. Williamson should be granted any sort of probation or other forms of alternative sentencing.

The picture before this...of Mr. Williamson that the Court has is that he is 26 years of age. He's a high school graduate. He's...he's single. Uh, he's obviously unemployed. He's been incarcerated for 205 days. He has a criminal history that involves a lot of misdemeanor arrests mostly from the State of Tennessee which he...where he is from. They're the type of offenses that he's...he's...shows the Court that he's struggled with a drug problem probably for some time. A lot of drug...drug related offenses as well as other type of substance offenses related to driving charges.

That and of itself shows that while he does have some prior criminal history the best I could tell he has no prior felony history so that does work somewhat in his favor.

The overwhelming aggravating circumstances surrounding this case are the...is the offense itself. I mean, this is just a horrible offense as far as the Court's concerned. A robbery is not a property crime as most people, uh, most of the lay public thinks it is. A robbery is actually a crime against the person. It is a violent crime. It's a crime where a person is accosted by force and property is taken from them against their will. Next to murder there is really no more serious charge in the State of West Virginia. And some would argue that it's even more serious than second degree murder. That next to first degree murder it's the most serious charge. And rightfully so. This is a case where a woman was in the...in a local business establishment going from the parking lot, uh, between the parking lot and the store and she is physically assaulted. Now Mr. Williamson indicates he had no desire to hurt Ms. Christian. Whether he had that desire or not, he did. And he knocked her down, forcibly took her purse, separated her shoulder, and no doubt not only the physically scars from the altercation but the emotional scars she will have to deal with for the rest of her life are no doubt just enormous. I mean,

13

no one should have to put up with that type of activity. The Court is sympathetic toward Mr. Williamson. I understand he has a drug problem but never the less that does not give another person the right to do what happened in this case.

Because of the seriousness of the offense, the Court finds that probation would denigrate the seriousness of the offense. Or any other alternative sentence so the Court will deny the motion for probation or other form of alternative sentence. That's just not appropriate in this case due to the violent nature and the seriousness of this offense.

So the question now becomes is what should be the proper sentence. As indicated this is a charge that carries a minimum of ten years in the penitentiary but it can be more in the discretion of the Court. Basically the sentence is at the discretion of the Court.

Once again the Court is somewhat sympathetic towards Mr. Williamson in that he has had a drug problem for a while. He's...he's had some issues and some problems growing up but the Court just cannot overlook once again the seriousness and the violent nature of this offense and really just the stupidity of this offense. I mean, the...the fact that this was done in view of witnesses. It's obvious it wasn't well thought out. It wasn't well planned. It was a crime, no doubt, of opportunity and the Court feels like the sentence of Mr. Williamson receives should hopefully serve as a deterrent to others that are wanting to commit these type of violent offenses.

So it's the judgement and order of this Court, Mr. Williamson, that you be sentenced to the penitentiary of this State for the determinant term of 25 years. The Court will give you credit for 205 days that you previously served in this matter. The Court is not going to impose a fine and but the Court would impose court costs. You'll have six months from the date that you're released from the penitentiary to pay your court costs. Failure to do so could result in your license to operate a motor vehicle be suspended by the State.

If you wish to appeal the Court's decision in this matter you can do so by filing a notice of intent to appeal within 30 days from the date that the Order is entered from today's hearing. It can be filed with the Supreme Court of Appeals in Charleston, West Virginia. If you wish to appeal the Court's decision in this matter and you cannot afford an attorney one will be appointed for you at no cost to the Court, er, no cost to you upon proper application to the Court.

Is there anything further that we need to do?

PROSECUTOR: State moves to dismiss Count 2, Your Honor.

14

COURT:        Pursuant to the plea agreement that will be granted.

## IV.    General Findings of Fact

1.  The petitioner was indicted by Grand Jury on October 18, 2011, for the crimes of Robbery – First Degree and Assault during the Commission of a Felony.

2.  On December 12, 2011, Williamson pleaded guilty to the robbery charge pursuant to a plea agreement with the State.

3.  Williamson's attorney affirmed that he had reviewed with the petitioner the elements of the crimes charged, the evidence, possible defenses, the consequences of pleading guilty, and his constitutional rights.[17]

4.  In support of the plea, Petitioner completed and signed Defendant's Statement in Support of Guilty Plea; Petition to Enter Guilty Plea; and Plea of Guilty (hereinafter collectively referred to as "Plea Documents").

5.  At the plea hearing and prior to the entry of the petitioner's plea of guilty and execution of the Plea Documents, the Court addressed with him each of the rights he would be relinquishing through his guilty plea, including his presumption of innocence; his right to a trial before an impartial jury, the State's burden of proving his guilty beyond a reasonable doubt before he could be found guilty by a jury; his right against compelled self-incrimination; his right to present witnesses to testify on his behalf; his right to question the State's witnesses and to confront his accusers. The petitioner testified that he understood each of the rights he would be relinquishing through his guilty plea.

---

[17] Attorney's Statement in Support of Guilty Plea.

15

6. In addition, the Court advised Petitioner of the possible penalties for the offense to which he was entering a guilty plea. Indeed, it explicitly informed the petitioner that "there is no maximum on that. That it's up to the discretion of the Court what your sentence will be... it will be at least ten years in the penitentiary but it could be as much as a 100." The petitioner affirmed his understanding that sentencing would be entirely in the Court's discretion.

7. Finally, before allowing the petitioner to enter his guilty plea, the circuit court provided him another opportunity to confer with counsel. Petitioner informed the Court he didn't need any additional time to confer and was ready to proceed with the plea.

8. The petitioner then entered his guilty plea to First Degree Robbery, after which the prosecutor gave the factual basis of his crime. In response, the petitioner recited his version of the crime, which was "something like" the State's version:

> I was coming through Roses' parking lot and a woman was walking and she had her purse in her hand slinging it and it wasn't on her shoulder. And I rode the bike by. I grabbed it and I pulled it and the strap did break and she apparently did fall. And I took off on the bike and uh there wasn't no construction workers that apprehended me. It was the detectives or the cops that was out there. They caught me running down a little alley.

9. The Court then asked, "But you're pleading guilty because you are guilty?" The petitioner responded, "Yes, I am guilty. I did do it."

10. Thereafter, the Court found the petitioner had freely and voluntarily entered his guilty plea with the advice and consultation with competent legal counsel and had understood the consequences of his plea, including the possible penalties the Court could impose at sentencing.

16

11. The Court accepted the petitioner's guilty plea and adjudged the petitioner guilty of First Degree Robbery.

12. Following the petitioner's plea of guilty and the Court's acceptance thereof, it ordered a presentence investigation report to be completed by the Mercer County Adult Probation Office and scheduled a sentencing hearing for February 6, 2012.

13. Defense counsel filed a motion for probation and a motion for home confinement, both of which counsel advocated at the hearing on February 6, 2012.

14. During the sentencing hearing on February 6, 2012, the Court inquired of counsel for the petitioner if the petitioner had received a copy of the presentence investigation report. Counsel informed the Court it was accurate other than its conclusion that Petitioner would have no place to stay if granted probation. The Court noted the correction. Prior to issuing the sentence, the Court again discussed the fact that the crime to which Petitioner pleaded guilty carried no maximum sentence and the ultimate period of incarceration would be in the Court's discretion. The Court proceeded with sentencing, articulating the factors and mitigating circumstances it considered in ultimately sentencing Petitioner to a determinate term of twenty-five (25) years in the penitentiary.

15. During the sentencing hearing the Court expressly informed Williamson that

> COURT: If you wish to appeal the Court's decision in this matter you can do so by filing a notice of intent to appeal within 30 days from the date that the Order is entered from today's hearing. It can be filed with the Supreme Court of Appeals in Charleston, West Virginia. If you wish to appeal the Court's decision in this matter and you cannot afford an attorney one will be appointed for you at no cost to the Court, er, no cost to you upon proper application to the Court.[18]

---

[18] Sentencing Hearing Transcript, pages 10 and 11 (hereinafter designated as 2/6/2012 Tr. at pp.___)

16. At no time did Petitioner ever seek the appointment of an attorney to pursue an appeal.

17. On March 6, 2012, trial counsel timely filed a Rule 35(b) motion for reconsideration of sentence.

18. By letter dated September 10, 2012, the Circuit Clerk of Mercer County informed Petitioner that he would be notified if the Court considered his Rule 35(b) motion.

19. Thereafter, the petitioner submitted a letter again asking for reconsideration of his sentence.[19]

20. The Court denied Rule 35 relief on May 31, 2013.

21. On or about January 29, 2015, the petitioner filed the instant petition for writ of habeas corpus. The motion for appointment of counsel was filed on March 19, 2015, and denied for the reasons set forth, *supra.*

## V.    Conclusions of Law

### Ground 1: Involuntary Plea of Guilty (decided under Federal and State law)

#### *Claim as Set Forth in Petition*

In Ground 1, the petitioner contends his plea of guilty was "unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.[20] The facts he says support this Ground are:

> In his PETITION TO ENTER PLEA OF GUILTY, filed Dec. 12, 2011, at 7. is stated: "My lawyer has advised me that the **maximum punishment** which the law provides for the offense of 1st Degree Robbery charged in the Count One count of the indictment is 10 minimum years in the State Penitentiary or a fine not to exceed $0.00, or both." This led the Defendant to believe that by entering a plea of guilty he was subject to a maximum

---

[19] The date on the letter is February 10, 2013. The official date stamp from the Circuit Clerk's office is June 3, 2013).

[20] 1/29/2015 *Petition Under W.Va. Code §53-4A-1 For Writ of Habeas Corpus*, Ground 1, p. 5.

penalty of 10 years. Defendant received 25 years. If he had known
he was going to receive 25 years and not 10, he would not have
entered a plea of guilty.[21]

### *Legal Authority*

Our Court has long recognized that "[a] guilty plea based on competent advice of counsel represents a serious admission of factual guilt, and where an adequate record is made to show it was voluntarily and intelligently entered, it will not be set aside." Syl. Pt. 3, State ex rel. Burton v. Whyte, 163 W.Va. 276, 256 S.E.2d 424 (1979). The 1975 case *Call v. McKenzie*, 159 W.Va. 191, 220 S.E.2d 665 (1975) is the seminal West Virginia case in which our Court established guideless for trial courts to follow in ascertaining whether a defendant's plea of guilty was voluntarily and knowingly made. Specifically, our Court held as follows:

> When a criminal defendant proposes to enter a plea of guilty, the trial judge should interrogate such defendant on the record with regard to his intelligent understanding of the following rights, some of which he will waive by pleading guilty: 1) the right to retain counsel of his choice, and if indigent, the right to court appointed counsel; 2) the right to consult with counsel and have counsel prepare the defense; 3) the right to a public trial by an impartial jury of twelve persons; 4) the right to have the State prove its case beyond a reasonable doubt and the right of the defendant to stand mute during the proceedings; 5) the right to confront and cross-examine his accusers; 6) the right to present witnesses in his own defense and to testify himself in his own defense; 7) the right to appeal the conviction for any errors of law; 8) the right to move to suppress illegally obtained evidence and illegally obtained confessions; and, 9) the right to challenge in the trial court and on appeal all pre-trial proceedings.

> Where there is a plea bargain by which the defendant pleads guilty in consideration for some benefit conferred by the State, the trial court should spread the terms of the bargain upon the record and interrogate the defendant concerning whether he understands the rights he is waiving by pleading guilty and whether there is any pressure upon him to plead guilty other than the consideration admitted on the record.

---

[21] Emphasis in original Petition.

A trial court should spread upon the record the defendant's education, whether he consulted with friends or relatives about his plea, any history of mental illness or drug use, the extent he consulted with counsel, and all other relevant matters which will demonstrate to an appellate court or a trial court proceeding in habeas corpus that the defendant's plea was knowingly and intelligently made with due regard to the intelligent waiver of known rights.

Syl. Pts. 3, 4 and 5, *Call v. McKenzie*, 159 W.Va. 191, 220 S.E.2d 665 (1975). These requirements are echoed in Rule 11 of the West Virginia Rules of Criminal Procedure ("Rule 11").[22]

### Conclusions of Law

1. Upon review of the transcript of Williamson's plea hearing it becomes evident the Court conformed to the requirements of both *Call v. McKenzie* and Rule 11. As reflected in the plea colloquy, *supra*, Petitioner was presented with multiple opportunities to ask questions regarding the charge to which he was pleading and to ask for clarification of any matter he did not understand.[23] Indeed, he fully understood he could ask for clarification because he did in fact do

---

[22] Rule 11 provides, in pertinent part, as follows:

(c) *Advice to Defendant.*—Before accepting a plea of guilty or nolo contendere, the court must address the defendant personally in open court and inform the defendant of, and determine that the defendant understands, the following: (1) The nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law; and
* * * *
(3) That the defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that the defendant has the right to be tried by a jury and at that trial the right to the assistance of counsel, the right to confront and cross-examine adverse witnesses, the right against compelled self-incrimination, and the right to call witnesses; and
(4) That if a plea of guilty or nolo contendere is accepted by the court there will not be a further trial of any kind, so that by pleading guilty or nolo contendere the defendant waives the right to a trial; and
* * * *
(d) *Ensuring that the plea is voluntary.*—The court shall not accept a plea of guilty or nolo contendere without first, by addressing the defendant personally in open court, determining that the plea is voluntary and not the result of force or threats or of promises apart from a plea agreement. The court shall also inquire as to whether the defendant's willingness to plead guilty or nolo contendere results from prior discussions between the attorney for the state and the defendant or the defendant's attorney.

[23]

20

so when he did not understand the elements of the offense of first degree robbery.[24] At no other point did Petitioner indicate a lack of understanding. Instead, Petitioner affirmed (under oath) that he understood the indictment, the elements of first degree robbery, the possible punishment, and the Court's discretion in imposing the punishment in regard to there being no maximum term of incarceration for First Degree Robbery.

2.    For similar reasons, the Court finds no merit to Petitioner's assertion that paragraph number 7 in the *Petition to Enter Plea of Guilty* led him to believe the maximum sentence for first degree robbery was ten years. Although the boilerplate language on the document states: "my lawyer has advised me that the maximum punishment which the law provides for the of…", the blank spaces allow counsel to write in the specific penalties for the offense at issue. In petitioner's case, Mr. Evans clearly specified in writing that the punishment for first degree robbery is "10 minimum years." Even if Petitioner was somehow misled by paragraph 7, the thorough and unambiguous colloquy between the Court and the petitioner unequivocally negates his contention. The transcript reflects that Williamson knew and understood the crime to which he pleaded guilty and its punishment. Petitioner further knew and understood he did not have to plead guilty and directly informed the Court he wanted "them to accept it."[25]

3.    Assuming for the sake of argument that despite Petitioner being informed that "it will be at least ten years in the penitentiary but it could be as much as a 100," and Petitioner confirming under oath he understood the punishment and had no questions about the penalty,[26] the Court finds he was not at all prejudiced because he twice admitted guilt. He twice stated under oath

---

[24] 12/12/11 Tr. at pp. 8-10, *supra.*

[25] 12/12/2011 Tr. at p. 33.
[26] 12/12/2011 Tr. at pp. 6-8.

21

that he was guilty of First Degree Robbery. Specifically, to conclude its consideration of the *Call* requirements, the Court made various inquiries, read the Indictment, and ask Williamson how he pleaded to the offense of first degree robbery:[27]

COURT: Alright. I'm going to read Count One of this indictment to you, Mr. Williamson, and at the conclusion I'm going to ask you what your plea is, guilty or not guilty. If you want to plea guilty you need to say guilty. **If you change your mind and don't want to plea guilty say not guilty. Or don't say anything and if you don't say anything the Court will enter a plea of not guilty for you.**

The Court has before it indictment Case Number 11-F-340 charges the State of West Virginia versus Steven A. Williamson. That's you, isn't it?

DEFENDANT: Yes, sir.

COURT: Count One reads the Grand Jury charges Count One that on or about the 17th day of August, 2011 in the County of Mercer, State of West Virginia Steven A Williamson committed the offense of Robbery first degree by unlawfully and feloniously committing violence to the person of Lois Christian by knocking her to the ground and taking, stealing or carrying away her purse against her will. Said property being in the lawful care, custody, and control of Lois Christian against the peace and dignity of the State.

Now, Steven A. Williamson, as to Count One of the Indictment charging you with robbery first degree **are you guilty or not guilty?**

DEFENDANT: **Guilty.**

And then again after the State proffered a summary of the evidence it would have introduced at trial, the defendant informed the Court "[y]es, I am guilty. I did do it."[28]

4.      Quite simply, the record is devoid of any statement supporting Williamson's assertion that his plea was involuntarily. By his own sworn admissions, Petitioner knew ten years of incarceration was a minimum sentence, he pleaded guilty freely and voluntarily, and he asked the

---

[27] 12/12/2011 Tr. at pp. 21-22 (emphasis supplied).
[28] 12/12/2011 Tr. at p. 28.

22

Court to accept his plea.[29] For these reasons, the Court concludes the petitioner's plea was intelligently, knowingly, and voluntarily made.

**Relief Denied.**

**Ground 2: Ineffective assistance of counsel (decided under Federal and State law)**

*Claim as Set Forth in Petition*

The facts Petitioner sets forth to support Ground 2 are as follows:

> Petitioner was told by his attorney that he would receive a 10-year sentence if he entered a plea of guilty. (See PETITION TO ENTER PLEA OF GUILTY, filed Dec 12, 2011, at Paragraph 7.)(attached). Following entry of plea Petitioner's attorney did not talk to him prior to sentencing, and did not effectively argue for the 10-year sentence that he told Petitioner he was going to receive, did not object to sentence of 25 years, did not file an appeal on Petitioner's behalf.[30]

*Legal Authority*

The Sixth Amendment of the United States Constitution, applied to the states through the Fourteenth Amendment, and Article Three Section Fourteen of the West Virginia State Constitution guarantee a criminal defendant the right to effective counsel. U.S.Const.Amend. VI and XIV; W. Va. Const. Amend. Art. III §14. The West Virginia Supreme Court of Appeals set forth the standard of review for claims of ineffective assistance of counsel in Syl. Pts. 5 and 6, *State v. Miller*, 194 W. Va. 3, 459 S.E.2d 114 (1995):

> In the West Virginia courts, claims of ineffective assistance of counsel are to be governed by the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); (1) Counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. In reviewing counsel's performance, courts must apply an objective standard and determine

---

[29] 12/12/2011 Tr. at p. 30.

[30] 1/29/2015 *Petition Under W.Va. Code §53-4A-1 For Writ of Habeas Corpus*, Ground 1, p. 5.

23

whether, in light of all the circumstances, the identified acts or omissions were outside the broad range of professionally competent assistance while at the same time refraining from engaging in hindsight or second-guessing of trial counsel's strategic decisions. Thus, a reviewing court asks whether a reasonable lawyer would have acted, under the circumstances, as defense counsel acted in the case at issue.

As recently as October of 2010 in *State v. VanHoose*, 227 W.Va. 37, 705 S.E.2d. 544 (2010), the West Virginia Supreme Court explained that "[i]n deciding ineffective ... assistance claims, a court need not address both prongs of the conjunctive standard of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and *State v. Miller*, 194 W. Va. 3, 459 S.E.2d 114 (1995),[10] but may dispose of such a claim based solely on a petitioner's failure to meet either prong of the test." Syl. pt. 5, *State ex rel. Daniel v. Legursky*, 195 W. Va. 314, 465 S.E.2d 416 (1995); *See also*, Syl. pt. 3, *Strickland*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. Thus, the failure to satisfy one prong defeats a claim of ineffective assistance.

**Conclusions of Law**

1.       Bearing in mind that "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," the transcript of the plea hearing makes clear that counsel's performance was by no means deficient under the above standards, and that even if it were, the petitioner suffered no prejudice. *See*, Syl. pt. 2, *Strickland*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. *State ex rel. Daniel v. Legursky*, 195 W. Va. 314, 324, 465 S.E.2d 416, 426 (1995)("prejudice" is whether the result of the proceedings was fundamentally unfair or unreliable). First, the record reflects that counsel did not tell Petitioner he would get a ten-year sentence. Just as in Ground 1, *supra*, Petitioner bases this contention on the boilerplate language contained in paragraph 7 of a document he could not read - the same

---

[10] The two-prong test is hereinafter referred to as the *Strickland-Miller* test.

24

document which defense counsel correctly completed as having a "10 minimum years" incarceration. *See*, Count 1, *supra*. In addition, Petitioner's answers under oath expressly refute this contention:

COURT: [31]     Alright. Now has anyone promised you leniency or a lighter sentence to get you to plead guilty?

DEFENDANT:     No, sir.

COURT:     Has anyone promised you I'd put you on probation?

DEFENDANT:     No, sir.

COURT:     Have any promises been made to you other than what's in the plea agreement that we stated at the...that we went over at the beginning of the hearing?

DEFENDANT:     No, sir.

The argument lacks merit here just as it did in Ground 1.

2.     The record is devoid of evidence suggesting that counsel's performance was deficient based on a failure to talk to his client prior to sentencing or that additional conferences would have changed the outcome of the sentencing hearing.[32]

3.     The extensive explanation the Court gave at sentencing demonstrates that Mr. Evans' argument on Petitioner's behalf was right on point, as it focused on mitigating factors and advocated alternative sentencing options.[33] Furthermore, even if Mr. Evans had objected to the sentence or advocated differently, the Court's rationale for imposing the lengthy sentence obviates any chance that the Court would have decreased the twenty-five year sentence.

4.     As established by the transcript of the sentencing hearing, the Court specifically informed the petitioner that he could appeal the Court's decision. It also explained the manner in which to

---

[31] 12/12/2011 Tr. at p. 19; *See, supra,* pp. 6, 21; *See, infra,* p. 28.

[32] The transcript shows that Mr. Evans did, in fact, speak with his client prior to sentencing. 2/6/2012 Tr. at p. 2.

[33] 2/6/2012 Tr. at pp. 2-5.

25

file an appeal, the time frame in which to file notice of appeal, and where to file the notice of appeal. He was instructed that if he could not afford a lawyer, the court would appoint one to assist him upon proper application to the court. For these reasons, the Court finds that the petitioner bore the responsibility for filing an appeal, not trial counsel.

5.      For these reasons, Petitioners claims of ineffective assistance of counsel fail both prongs of the *Strickland-Miller* test.

**Relief Denied.**

**Ground 3: Severer sentence than expected (decided under Federal and State law)**

*Claim as Set Forth in Petition*

The Petitioner argues that his lawyer told him he "would receive a 10-year sentence if he entered a plea of guilty," and, thus, he received a more severe sentence than he expected. Specifically, he alleges in Ground 3 of the Petition that

> [a]ccording to the advice of his attorney, and according to the wording in the PETITION TO ENTER PLEA OF GUILTY, Petitioner believed that by entering a plea of guilty he was going to receive a 10-year sentence. Had Petitioner known he was going to receive a 25-year sentence he would not have entered the plea of guilty.

Both the record and relevant law render his contention meritless.

*Legal Authority*

A two-factor inquiry governs this instant issue. Specifically, as established in *State v. Goodnight*, sentences imposed by the trial court, 'if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review,' Syllabus point 4, *State v. Goodnight*, 169 W. Va. 366, 287 S.E.2d 504 (1982)." Syl. Pt. 6, *State v. Slater*, 222 W. Va. 499, 665 S.E.2d 674 (2008); *See*, *Hart v. Plumley*, No. 11-1326, 2013 WL 513183, at *1 (W. Va. Feb.

26

11, 2013). The statutory limits for incarceration for first degree robbery are codified in W.Va. Code §61-2-12, which provides, in pertinent part, that

> (a) Any person who commits or attempts to commit robbery by:
>
> > (1) Committing violence to the person, including, but not limited to, partial strangulation or suffocation or by striking or beating...is guilty of robbery in the first degree and, upon conviction thereof, *shall be imprisoned in a state correctional facility not less than ten years.*

(emphasis supplied).

### Conclusions of Law

1. Applying the statute to Petitioner's sentence of a determinate term of twenty-five years in the penitentiary, leads to one conclusion: the sentence falls within the statutorily crafted punishment of "not less than ten years" imprisonment.

2. In regard to the second *Goodnight* factor, the petitioner has made no allegation the Court applied or relied upon impermissible factors in its sentencing. For the sake of argument, even assuming petitioner did make such an allegation, the transcript of the sentencing hearing reflects that none of the reasons relied upon by the Court were impermissible or inappropriate considerations.[34]

3. As discussed in Ground 2, the Court expressly informed the petitioner during the plea hearing about the possible sentence he could face.[35] It further demonstrates that the petitioner fully understood the Court had discretion to sentence him to much more than ten years.

COURT:     Now do you understand, Mr. Williamson...there is no agreement as to punishment or probation and the decision as to punishment in this case is a decision that I, alone, will make?

DEFENDANT:     Yes, sir.

---

[34] 2/6/2012 Tr. at pp. 6-10.
[35] 12/12/2011 Tr. at pp. 6-8; p.

27

COURT: Do you understand that?

DEFENDANT: Yes, sir.

COURT: And do you understand that the penalty that you face by pleading guilty to robbery first degree is a minimum of ten years in the penitentiary?

DEFENDANT: Yes, sir.

COURT: And you understand that there is no maximum on that. That it's up to the discretion of the Court what your sentence will be?

DEFENDANT: Yes, sir.

COURT: And that it will be at least ten years in the penitentiary but it could be as much as a 100. Do you understand that?

DEFENDANT: Yes, sir.

COURT: Do you have any questions about the penalty?

DEFENDANT: No, sir.

***

COURT: Do you have any questions about the punishment you face by pleading guilty to robbery first degree?

DEFENDANT: No, sir.[36]

4. Similar information was explained in the petitioner's written Plea Agreement and the other plea documents he completed and signed,[37] and Paragraph 5 of the Plea Agreement stated that "*the defendant agrees that an unpleasant or unanticipated sentence does not give the defendant the right to withdraw from this plea Agreement.* (emphasis added). Thus, despite that fact that the Petitioner was hoping to receive the minimum sentence of ten years and the record indisputably contradicts his claim that "had Petitioner known he was going to receive a 25-year sentence he would not have entered the guilty plea."

5. Petitioner was well aware of and repeatedly informed that ten years was a minimum sentence. He also knew and understood that "it will be at least ten years in the penitentiary but it

---

[36] 12/12/2011 Tr. at pp. 6-8
[37]

28

could be as much as a 100" years of incarceration, and he still proceeded to plea of guilty.

Petitioner cannot now claim he received a severer sentence than expected or otherwise undo his

voluntary and knowing plea of guilty on that basis.

**Relief Denied.**

### Ground 4: Failure of counsel to appeal (decided under Federal and State law)

#### *Claim as Set Forth in Petition*

Just as in Ground 2, Petitioner's Ground 4 asserts error in defense counsel's failure to file

an appeal. Specifically, the contention is that

> [d]espite the fact that Petitioner desired for his attorney to file an
> appeal in his behalf, and the fact that sufficient grounds existed for
> an appeal, none was ever filed.

#### *Analysis and Conclusions of Law*

1. For the same reasons set forth in Ground 2, this argument fails.

   **Relief Denied.**

## VI. Ruling

1. The motion for appointment of counsel is **DENIED**.

2. The underlying record unequivocally establishes that Petitioner is not entitled to relief in

Habeas Corpus. Therefore, it is hereby **ORDERED, ADJUDGED** and **DECREED** by this

Court that the Petition for Writ of Habeas Corpus and the relief prayed for therein be, and the

same is hereby **DENIED**.

3. The Clerk of this Court is directed to remove this case from the docket and provide a

copy of this Order to:

29

Steven a Williamson          George Sitler, Chief Assistant
St. Marys Correctional Center   Prosecuting Attorney
2880 North Pleasants Highway   Mercer County Prosecutors Office
St. Marys, WV 26170           Mercer County Courthouse

It is so **ORDERED.**

**ENTERED** the ⟋ day of April 2015.

_____
William J. Sadler, Judge 9th Circuit

30